UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD W. BURKEMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1281 JCH |
| ) | |
| DEDERT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion of Defendant Dedert Corporation to Transfer ("Motion to Transfer") filed on August 26, 2011 (Doc. No. 13). This matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Ronald Burkemper ("Plaintiff") is a former employee of Defendant Dedert Corp. ("Defendant"). During his tenure with Defendant, Plaintiff served as the Sales Manager for the Starch and Ethanol Division. (Plaintiff's Petition for Declaratory Judgment ("Complaint"), ECF No. 6, ¶ 3). His employment contract provided for an initial three-year term with an annual renewal thereafter. (Id., ¶ 5). The contract included a cancellation notice period of six months for any of the renewed terms. (Id.) Plaintiff brought suit in the Circuit Court of St. Louis County, Missouri for breach of contract. (See id.). Defendant removed the case to federal court on January 22, 2011. (ECF No.1).

Plaintiff's contract with Defendant further stated that his place of work would be Olympia Fields, Illinois. (Memorandum in Support of Motion of Defendant Dedert Corporation to Transfer ("Memorandum," ECF No. 14, p. 2). Defendant claims that Plaintiff never moved to Olympia Fields

despite his representations to Defendant that he would.  (Id.).  Instead, Plaintiff maintained his original residence in the St. Louis, Missouri area and commuted weekly to Olympia Fields. (See id., p. 3). The declining frequency of these visits as well as Plaintiff's failure to permanently move to Olympia Fields constitute some of the reasons for Defendant's dissatisfaction with and dismissal of Plaintiff. (Id.)

## DISCUSSION

Defendant argues that this action should be transferred to the United States District Court, Northern District of Illinois pursuant to 28 U.S.C. 1404(a).  Defendant claims that "[t]his action has nothing to do with Missouri, and its center of gravity is in Olympia Fields, in the Northern District of Illinois. Transfer to that District will be for the convenience of the parties and witnesses, in the interest of justice." (Id. at 1.)

The main goal of 28 U.S.C. 1404 is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge F.B.L., 364 U.S. 19, 27 (1960)). The statute provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). The threshold requirement for granting a transfer is that the case "might have been brought" in the transferee court. See Van Dusen, 376 U.S. at 616 (stating "[the] transfer power is… expressly limited by the final clause of 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'") The parties do not dispute that Plaintiff originally could have brought this action in the Northern District

of Illinois. Accordingly, this Court considers the relevant factors to determine whether to grant a motion to transfer.

When deciding whether or not to grant Defendant's motion to transfer, courts generally consider three categories outlined in the statute that must be considered: the convenience of the parties, the convenience of the witnesses, and the interest of justice. Terra Int'l., Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).[1] These factors, however, do not encompass an exhaustive list of relevant inquiries. "Courts have not… limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988) and Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995); see also In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010) (stating "district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted. (internal quotation marks omitted))).

The courts look at a number of factors when weighing convenience and the interests of justice. When weighing convenience the factors to consider are: (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of

---

[1]When the courts analyze the factors required by 1404(a) they tend to group them into only two categories: "convenience" factors and "interests of justice" factors. See e.g., Terra Int'l., 119 F.3d at 696 (noting the district court below had analyzed the motion to transfer under the general categories "Balance of Convenience" and "Interest of Justice."); In re Apple, 602 F.3d at 913-15 (grouping the analysis into "convenience" and "interests of justice" considerations); Ippert v. Schwan's Home Service, Inc., 2011 WL 3444229, at *2 (E.D. Mo., Aug 8, 2011) (grouping the relevant factors in the same manner as the district court in Terra Int'); Crabb v. GoDaddy.Com, Inc., No. 07-CV-4040, 2010 WL 5890625 (W.D. Ark., March 29, 2010) (same).

each forum state's substantive law. Terra Int'l, 119 F.3d at 696. When weighing the interests of justice, the factors to consider are: (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. Id. Accordingly, the Court uses these factors, as well as any other relevant considerations, to analyze the validity of Defendant's motion to transfer.

Finally, in addition to consideration of these factors, "the Court is mindful of the well-established principle that the party seeking a transfer bears the burden of proving a transfer is warranted." Trident Steel Corp. v. Oxbow Steel Int'l, LLC, No. 4:09cv1332, 2009 WL 3242045, at *4 (E.D. Mo., Oct. 5, 2009) (citing Terra Int'l., Inc, 119 F.3d at 695). "'Merely shifting the inconvenience from one side to the other… is not a permissible justification for a change of venue.'" Terra Int'l. Inc., 119 F.3d at 696-97 (quoting Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992)). It is also not enough that the moving party demonstrates that it would be only slightly more convenient for both parties. Anheuser-Busch, Inc. v. City Merch., 176 F.Supp.2d 951, 959 (E.D. Mo., 2001) (stating "the Court must give great weight to the plaintiff's choice of a proper venue. That choice should only be disturbed upon a clear showing that the balance of interests weighs in favor of the movant's choice of venue." (quoting General Committee of Adjustment v. Burlingotn N. R.R., 895 F.Supp. 249 (E.D.Mo. 1995))). What is required instead is a showing that the balance of interests strongly favors transfer. Id. Applying these principles to the current case, for reasons discussed herein, this Court concludes that Defendant's motion to transfer should be denied.

**I.      Convenience**

      A.      Convenience of the Parties

Regarding the convenience of the parties, Plaintiff lives in the St. Louis, Missouri area; Defendant is a corporation headquartered near Chicago, Illinois. Whether the case is transferred means only that this inconvenience will fall on one party rather than the other. Accordingly, this factor weighs neutrally.

      **B.      Convenience of the Witnesses**

The Court notes that the convenience of the witnesses is the "primary, if not most important" of the convenience factors. City Merch., 176 F.Supp.2d at 959 (quoting May Dept. Stores Co. v. Wilansky, 900 F.Supp. 1154, 1165 (E.D.Mo. 1995)). Both parties name witnesses that will be required to testify. The witnesses for the Defendant, however, are employees. (Motion, ¶ 5). They are therefore party witnesses. See Amorose v. C.H. Robinson Worldwide, Inc., 521 F.Supp.2d 731, 736 (N.D. Ill. 2007). Accordingly, their inconvenience does not weigh as heavily as the inconvenience of witnesses that could not be required to appear at trial. Id.; see also Terra Int'l., 119 F.3d at 696-97 (noting that non-party witnesses weigh more heavily but, because both parties had non-party witnesses, the sheer number of witnesses was not determinative). Plaintiff, on the other hand, lists a number of former clients of Dedert Corporation, who have places of business in and around St. Louis, Missouri.  (Ronald Burkemper's Memorandum of Law in Opposition to Defendant's Motion for Transfer ("Response"), ECF No. 20, pp. 6-7).  These witnesses that are not within Plaintiff's control and would be inconvenienced by traveling to Chicago for trial. (Id.) Accordingly, this "primary, if not most important" factor weighs in favor of Plaintiff.

### C. Accessibility of Records and Documents

The Court notes that relevant documents are in both forums, although Defendant's offices likely contain a greater quantity of relevant documents. Given the fact that both forums contain relevant documents, the ease with which any document not present in the forum could be obtained, and that electronic document transmission mitigates many of these concerns, this factor weighs neutrally.

### D. Location of the Complained of Activity

The location of the complained of activity weighs in favor of transfer. The conduct complained of by Plaintiff is breach of contract. Presumably, Defendant's decision to breach, if it did occur, was made in its headquarters in Olympia Fields, Illinois. Plaintiff, in turn, lives near St. Louis, Missouri and much of the relevant activity occurred in many different areas. (Response, p. 1). Accordingly, this factor weighs only slightly for transfer.

### E. Applicability of State Law

The applicability of state law is not a major concern here. This Court is accustomed to applying the law of many different jurisdictions. Accordingly, this factor weighs only slightly, if at all, for transfer. See Crabb, 2010 WL 5890625, at *3 ("federal courts routinely apply and interpret laws of other states"; finding that this factor did not weigh for transfer). This factor weighs neutrally.

### F. Conclusion

In sum, the convenience factors weigh in favor of retention of the case. The complained of activity, if it did occur, likely occurred in the Northern District of Illinois. But, Plaintiff's home is in this district and Plaintiff's relevant activity occurred in many places outside the Northern District of

Illinois. Further, Plaintiff names many non-party witnesses that would be inconvenienced by transfer to the Northern District of Illinois, which weighs heavily on the Court's determination. Accordingly, this Court finds that the balance of the convenience factors favors retention of the case.

## II.     Interests of Justice

Turning next to the interest of justice factors, only one factor is relevant to this case: Plaintiff's choice of forum.[2]  This Court finds that Plaintiff's choice of forum weighs in favor of retention. "In general, federal courts give considerable deference to a plaintiff's choice of forum." Terra Int'l., 119 F.3d at 695.  Because Plaintiff's choice of forum is given significant deference, the interest of justice factor favors retention.

## III.    Other Relevant Considerations

This Court is mindful that no exhaustive list of factors exists and that "Courts have not… limited a district court's evaluation of a transfer motion to" the factors already considered. Terra Int'l., 119 F.3d at 691.  Accordingly, this Court addresses one further issue.

Here, issues pertaining to the merits of the case – Plaintiff's promise to move to Olympia Fields and his failure to do so – also intertwine with the transfer analysis. Plaintiff's presence in this district is one of the major factors bearing on the weight this court gives to his choice of forum, see In re Apple, 602 F.3d at 913, but Defendant argues that Plaintiff's presence in this forum is also one of the key facts relevant to his discharge.  Defendant, therefore, argues that Plaintiff should not be

---

[2]Judicial economy is not implicated, the comparative costs to the parties does not weigh for transfer or retention, the parties ability to enforce a judgment is not an issue here, there are no obstacles to a fair trial and no conflict of law issues present themselves. Finally, as already addressed, federal courts are accustomed to applying the law of many different jurisdictions and therefore consideration of the advantages of having a local court determine questions of local law does not weigh heavily, if at all, for transfer.

allowed to "defeat transfer because of his own deliberate acts and omissions." (Defendant's Reply Memorandum in Support of its Motion to Transfer ("Reply"), ECF No. 22, p. 2). According to Defendant, Plaintiff promised to move to Chicago to be closer to his place of work. Defendant allegedly never anticipated Plaintiff remaining in St. Louis. Admittedly, had Plaintiff moved to Chicago and then brought this suit in the Eastern District of Missouri the decision to transfer would be a closer call.

Defendant relies upon Van Dusen for the proposition that parties should not be able to defeat transfer by their own acts or omissions. (Id.) In Van Dusen, however, the Court was addressing the applicability of a Massachusetts law that governed qualification as a personal representative for purposes of wrongful-death actions. There, if the law of the transferee forum was to apply, the court reasoned that those bringing wrongful-death actions could "unilaterally… reduce the number of permissible federal forums simply by refraining from qualifying as representatives in States other than the one in which they wished to litigate" and thereby forcing a court to conclude under a § 1404(a) analysis that the case should be retained. Van Dusen, 376 U.S. at 623. The Court went on to say that "[t]he power to defeat a transfer to the convenient federal forum should derive from rights and privileges conferred by federal law and not from the deliberate conduct of a party *favoring trial* in an inconvenient forum." Id. at 624 (emphasis added). The present case presents a different situation.

Here, Defendant alleges that Plaintiff promised to move to the Chicago, Illinois area and that he failed to live up to that promise, which may impact the outcome of the case on the merits. At this stage of the litigation, however, this Court cannot say that his refusal to relocate was "the deliberate conduct of a party favoring trial in an inconvenient forum."  Id.  Defendant does not argue that Plaintiff remained in St. Louis solely to obtain an inconvenient forum for trial.  Although Plaintiff's failure to relocate to Olympia Fields may be relevant to the merits of the case, this decision cannot

be considered a litigation tactic thought of years in advance of Plaintiff's breach of contract claim against his former employer. Accordingly, Plaintiff's decision not to move to Olympia Fields should not be determinative of a motion to transfer under 28 U.S.C. 1404(a).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Defendant Dedert Corporation to Transfer is **DENIED**.

Dated this 7th day of November, 2011.

/s/Jean C. Hamilton

UNITED STATES DISTRICT JUDGE